# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

CHARLES E. HATCHER JR., et al.,

        Plaintiffs,

v.                                                              CIVIL ACTION NO.  2:10-cv-00677

VANDERBILT MORTGAGE AND FINANCE, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Remand [Docket 5] of Charles E. Hatcher and Tammy J. Hatcher and accompanying Memorandum [Docket 6].  Plaintiffs argue that this Court does not have jurisdiction over this action because the amount in controversy is below the jurisdictional amount.  Defendant Vanderbilt Mortgage and Finance, Inc. (Vanderbilt) did not respond to the motion, but instead filed a Stipulation and Agreed Order to Remand [Docket 7].  The time for response having expired, the matter is now ripe for consideration and ruling.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The allegations in Plaintiffs' complaint relate to phone calls placed to Plaintiffs by Vanderbilt because Plaintiffs were behind on mortgage payments for their home.  Plaintiffs allege that Vanderbilt would "call two to three times a day, Monday through Saturday" when Plaintiffs fell behind on their payments.  (Docket 1, p. 8.)  Based on these phone calls and other actions by Vanderbilt, Plaintiffs allege causes of actions for violations of the West Virginia Consumer Credit and Protection Act (WVCCPA).  Among other damages sought, Plaintiffs demand "[c]ivil penalties

of $4,300.00 for each violation pursuant to *West Virginia Code* §§ 46A-5-101(1) & 106." (Docket 1, p. 9.)

Plaintiffs originally filed this action on March 31, 2010 in the Circuit Court of Jackson County, West Virginia, and Vanderbilt was served, via the West Virginia Secretary of State, on April 5, 2010. (Docket 1, p. 5.) On April 27, 2010, Vanderbilt removed the action pursuant to 28 U.S.C. § 1441, alleging diversity of citizenship under 28 U.S.C. § 1332 as the jurisdictional basis. (Docket 1.) Shortly thereafter, Plaintiffs filed this Motion, seeking remand of the case, along with costs under 28 U.S.C. § 1447(c). Vanderbilt then filed a Stipulation, which was signed by Plaintiffs, that states that Plaintiffs' damages "are no greater than $75,000, inclusive of attorney's fees and court costs," and that Plaintiffs will not be entitled to recover an award exceeding $75,000. (Docket 7.)

## II. LEGAL STANDARDS

Congress has granted the federal courts original jurisdiction over all actions where the parties are citizens of different states and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). If an action filed in state court could properly have been filed in federal court originally, a defendant may invoke the federal courts' original jurisdiction and remove the action. 28 U.S.C. § 1441(a).

Generally, the party asserting federal jurisdiction bears the burden of proof. *Sayre v. Potts*, 32 F. Supp. 2d 881, 883 (S.D. W. Va. 1999). "A defendant that removes a case from state court in which the damages sought are unspecified, asserting the existence of federal diversity jurisdiction, must prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount." *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D. W.

Va. 1996). To do this, the party must show that it is "more likely than not" that the amount in controversy satisfies the jurisdictional standard. *Id.*

In evaluating a party's claim to federal jurisdiction, this Court may consider the entire record that exists at the time the assertion of jurisdiction is made. *Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 24 (S.D. W. Va. 1994) (citing 14A Charles Alan Wright, et al., *Federal Practice and Procedure* § 3725 at 423-24 (1985)). To determine the amount in controversy, the Court "consider[s] the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal." *Sayre*, 32 F. Supp. 2d at 886 (citing *Landmark Corp.*, 945 F. Supp. at 935).

Stipulations may be used by the plaintiff to limit the amount in controversy for the purpose of defeating federal jurisdiction. To defeat otherwise present subject matter jurisdiction of the federal courts, a stipulation must be "a formal, truly binding, pre-removal stipulation signed by counsel and his client explicitly limiting recovery. The stipulation should be filed contemporaneously with the complaint, which also should contain the sum-certain prayer for relief." *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 485-86 (S.D. W. Va. 2001)).[1] The requirement of a "formal" stipulation is satisfied when the stipulation is signed and notarized. *Hamilton, Burgess, Young & Pollard, PLLC v. Markel American Ins. Co.*, 2006 WL 218200 at *2 (S.D. W. Va. Jan. 25, 2006).

---

[1] This requirement differs from the Local Rules of the Southern District of West Virginia. Rule 11.2 provides, "Unless otherwise ordered, stipulations . . . must be in writing, signed by the parties making them or their counsel, and promptly filed with the clerk." However, this Court has held that "when a plaintiff files a unilateral stipulation with the intent to defeat federal jurisdiction," the Court may require a more stringent stipulation, such as that required by Judge Haden and adopted by this Court. *Adkins v. Wells Fargo Financial West Virginia, Inc.*, 2009 WL 1659922 *3 (S.D. W. Va. June 15, 2009).

"Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). All doubts regarding the jurisdiction of this Court to hear a case will be resolved in favor of remand. *Wickline v. Dutch Run-Mays Draft, LLC*, 606 F. Supp. 2d 633 (S.D. W. Va. 2009).

### III.  ANALYSIS

#### A.  *The Stipulation*

The stipulation in this case is a bit unusual because it was prepared by Vanderbilt, the party that removed, and then signed by Plaintiffs. However, it is still deficient because it does not meet the requirements of *McCoy*. The stipulation is signed by Plaintiffs' counsel, but not by Plaintiffs themselves. (Docket 7.) Further, although the case was originally filed on March 31, 2010, and removed on April 27, 2010, the stipulation was not filed until May 7, 2010. Hence, the stipulation fails in two respects to satisfy the elements of a binding stipulation—by not being filed on time, and by not containing the signature of Plaintiffs. Because the stipulation is not in formal and binding form, the stipulation does not preclude federal jurisdiction.

#### B.  *Amount in Controversy*

As stated above, the party asserting the Court's jurisdiction bears the burden of proving by a preponderance of evidence that the suit satisfies the amount in controversy requirement under 28 U.S.C. § 1332.

Vanderbilt identifies itself as a citizen of Tennessee, while Plaintiffs are identified as citizens of West Virginia. The parties do not contest that diversity of citizenship exists. Taking the facts pled and agreed to by both parties, this Court finds no reason to question the citizenship of either Vanderbilt or Plaintiffs.

Next, the Court must consider whether Vanderbilt has shown that the amount in controversy satisfied the $75,000 requirement. Plaintiffs seek damages for violations of, among others, W. Va. Code §§ 46A-2-125, 46A-2-126, and 46A-2-127. Damages provisions for each of these statutes provide that "the consumer has a cause of action to recover actual damages and in addition a right in an action to recover . . . a penalty in an amount determined by the court not less than one hundred dollars nor more than one thousand dollars." W. Va. Code § 46A-5-101(1). Adjusting for inflation as allowed for by W. Va. Code § 46A-5-106, the permissible damages for each violation are between $428.34 and $4,283.42.[2]

In the complaint, Plaintiffs do not allege a specific number of calls, but do state that "Defendant would call two to three times a day, Monday through Saturday." (Docket 1, p. 8.) Thus, as many as eighteen calls were made in the span of one week, and the complaint alleges that WVCCPA violations occurred intermittently from May 2009 through January 2010. The WVCCPA prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously, or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse, oppress or threaten any person at the called number." W. Va. Code § 46A-2-125. Thus, each call is a potential violation of the WVCCPA, and these eighteen calls constitute at least eighteen violations. If Plaintiffs can prove eighteen violations, then using the maximum amount under the WVCCPA, those damages alone would total more than $77,100, meeting the jurisdictional amount.

Damages for potential statutory violations need not be the only amount relied on to satisfy the amount in controversy. Plaintiffs seek attorney's fees, which is permissible under W. Va. Code

---

[2] This calculation was made using the Consumer Price Index values for September 1974 and March 2010, as the latter date indicates when Plaintiffs first filed suit. (Docket 1, p. 7.) Plaintiffs round this number up to $4,300.00 in the complaint.

5

§ 46A-5-104.  Where, as here, attorney's fees are specifically provided for by statute, they may be included in calculating the amount in controversy.  *Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933).

Although attorney's fees provide an additional ground to safely conclude that the amount in controversy requirement is satisfied, it is not necessary.  The simple fact that Plaintiffs seek maximum statutory damages on at least eighteen phone calls is adequate to invoke the jurisdiction of this court.

## IV.  CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Remand [Docket 5] is **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   June 7, 2010

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE